IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MICAH RUDISILL, # 48233-019**                                   **PETITIONER**

**V.**                                                        **CIVIL ACTION NO. 5:08cv272-DCB-MTP**

**BRUCE PEARSON, Warden**                                        **RESPONDENT**

REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Micah Rudisill for a Writ of Habeas Corpus [1] (the "Petition") filed under 28 U.S.C. § 2241. Having considered the Petition, the Answer [7], the Traverse [8], all matters made a part of the record in this case, as well as applicable law, the undersigned is of the opinion that the Petition should be dismissed with prejudice for lack of jurisdiction.

Factual Background

Following a jury trial in the United States District Court for the District of Arizona, Petitioner Micah Rudisill was convicted of various federal crimes, including multiple counts of money laundering and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(h).[1] *See* Petition at 3-4; ecf. doc. no. 2-2 at 48-51. Petitioner was sentenced to a term of 210 months, following by three years of supervised release. *See* ecf. doc.

---

[1] Petitioner was also convicted of multiple counts of: conspiracy, in violation of 18 U.S.C. § 371; mail fraud, in violation of 18 U.S.C. § 1341; and wire fraud, in violation of 18 U.S.C. § 1343. *See* Petition at 3-4; ecf. doc. no. 2-2 at 48-51. The convictions stem from a "fraudulent prize promotion scheme" in which Petitioner, along with other individuals in business with him, convinced customers to purchase overpriced promotional materials and advertising products as a condition to receiving "prizes" they had purportedly won, and they told them they had won valuable "bonus points" which could be exchanged for certain merchandise (which was either never sent or was far less valuable than represented). After the initial payments, customers were deceived into paying more money into the scheme by being told that the payments were necessary to maintain eligibility, increase the size of the award or avoid disqualification. *See* ecf. doc. no. 2-2 at 3-5.

no. 2-2 at 48-51. Petitioner appealed his judgment of conviction and sentence to the U.S. Court of Appeals for the Ninth Circuit, which affirmed the District Court on July 12, 2002. *See* Petition at 3. Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds of: 1) ineffective assistance of counsel; 2) failure to charge a cognizable offense; and 3) illegal sentencing under *Blakely v. Washington*, 124 S.Ct. 2531 (2004). The motion was denied on November 1, 2006.

Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court on August 28, 2008. In the Petition, Petitioner seeks to have his sentence reduced or vacated, pursuant to the Supreme Court's holding in *United States v. Santos*, 128 S.Ct. 2020 (2008).[2] *See* Petition at 4; Brief [2] in Support of Petition at 2, 8-13; Traverse [8] at 4-6. Respondent argues that this court lacks jurisdiction to review this section 2241 petition, as it is actually a section 2255 motion, and that Petitioner cannot proceed pursuant to section 2255's savings clause.

## Analysis

The general rule is that a challenge to the validity of a federal sentence must be pursued in a section 2255 motion, not in a section 2241 motion. *See Pack v. Yusuff*, 218 F.3d 448, 451-52 (5th Cir. 2000) ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."); *see also Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th

---

[2] In *United States v. Santos*, 128 S.Ct. 2020, 2031 (2008), a plurality of the Supreme Court modified the definition of money laundering under 18 U.S.C. § 1956(a)(1)(A)(i) in the context of a stand-alone, illegal gambling operation, holding that the term "proceeds" refers to "profits" and not "receipts." Petitioner argues that he was convicted of money laundering "based on payment of the expenses of the underlying criminal activity," which are not funds that qualify as "profits" under the money laundering statute, as interpreted by the Court in *Santos*. *See* Petition at 4.

2

Cir. 1990)) ("28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred before or during sentencing.").

There is, however, a "back door" to section 2255, often referred to as the "savings clause," which allows a § 2241 petition under certain limited circumstances, avoiding the additional requirements imposed on second and successive § 2255 petitions.[3] The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. 2255. Thus, "a section 2241 petition that seeks to challenge a federal sentence or conviction - thereby effectively acting as a section 2255 motion - may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective."[4] *Pack*, 218 F.3d at 452 (citations omitted).

---

[3] A "second or successive" petition containing a claim not presented in a prior habeas petition shall be dismissed unless petitioner "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2). Moreover, before a second or successive petition can be filed in the district court it "must be certified...by a panel of the appropriate court of appeals to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(b)(3). Petitioner has not had this Petition so certified, nor is there any indication in the record that he has attempted to do so. In addition, as set forth below, the new rule of constitutional law upon which Petitioner attempts to rely has not been made retroactive to cases on collateral review by the Supreme Court. Accordingly, Petitioner cannot meet the requirements for filing a second or successive § 2255 petition.

[4] This court has the jurisdiction to determine whether Petitioner's claims are properly brought under § 2241 via the savings clause of § 2255, as it is Petitioner's custodial court (Petitioner is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi). *Padilla v. U.S.*, 416 F.3d 424, 426 (5th Cir. 2005) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)).

A section 2241 petition is not a substitute for a section 2255 motion, and Petitioner bears the burden of establishing that the section 2255 remedy is inadequate or ineffective. *Id.* at 452. This is a heavy burden, and courts find a remedy under section 2255 to be inadequate or ineffective "only in extremely limited circumstances." *Id.* at 452 (citation omitted). Accordingly, a prior unsuccessful section 2255 motion, by itself, is not enough to meet this burden. *Id.* Nor are claims of procedural bar, or that a petitioner cannot meet AEDPA's "second or successive" requirements. *Id.* at 452-53 (citations omitted). As the *Pack* court noted,

> To hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements. A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.

*Id.* at 453.

Petitioner has failed to provide a valid reason why a section 2255 remedy is either inadequate or ineffective. Although it would appear that Petitioner is procedurally barred from filing another section 2255 petition, as stated above, a claim of procedural bar, or inability to meet AEDPA's requirements for second or successive petitions, is insufficient for Petitioner to meet his burden. *See Pack*, 253 F.3d at 452-53 (citations omitted); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (*per curiam*) (holding that successiveness does not make § 2255 ineffective or inadequate); *Reyes-Requena v. U.S.*, 243 F.3d 893, 902 (5th Cir. 2001) (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (stating that statute of limitations bar to a successive section 2255 motion, without more, is insufficient to demonstrate inadequacy or inefficacy)).

Moreover, a petitioner seeking to involve the savings clause must demonstrate a claim of actual innocence that is: 1) based on a retroactively applicable Supreme Court decision which

4

establishes that petitioner may have been convicted of a nonexistent offense, and 2) that was foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904; *see also Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). As set forth below, Petitioner cannot make this showing.

Petitioner argues that he is actually innocent of the money laundering convictions, based on the Supreme Court's decision in *United States v. Santos*, 128 S.Ct. 2020 (2008). *See* Petition at 4; Brief [2] in Support of Petition at 2; Traverse [8] at 4-6. However, the Supreme Court has not made *Santos* retroactive to cases on collateral review, and "[t]he Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive." *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001). *See U.S. v. Sims*, 2009 WL 1158847, at * 3 (S.D. Tex. Apr. 29, 2009) (stating that "neither the Supreme Court nor the Fifth Circuit has 'made' the holding in *Santos* retroactive to cases on collateral review."); *U.S. v. McDade*, 2009 WL 1043900, at * 3 (W.D. La. Apr. 17, 2009) (noting that "the Supreme Court has not made the *Santos* decision retroactively applicable."); *see also Vaughan v. U.S.*, 2008 WL 2945449, at * 4 (W.D.N.C. July 25, 2008) (holding that *Santos* does not apply retroactively on collateral review).

Moreover, even if *Santos* did apply retroactively, Petitioner cannot establish that he was convicted of a "non-existent offense," as numerous courts have concluded that *Santos*' narrow holding[5] applies only to its specific facts (an illegal gambling operation) rather than to a mail or

---

[5] "[B]ecause Santos was a plurality opinion, the holding of the Court for precedential purposes is the narrowest holding that garnered five votes." *U.S. v Howard*, 309 Fed. Appx. 760, at * 10 (4th Cir. Jan. 29, 2009) (citing *Marks v. U.S.*, 430 U.S. 188, 193 (1977)). The narrowest holding in *Santos* is provided by Justice Stevens' concurrence, in which he writes that the "profits" definition of "proceeds" is limited to money laundering cases involving a gambling operation like the one in that case. *Id.* (citing *Santos*, 128 S. Ct. at 2031). *See also U.S. v. Brown*, 553 F.3d 768, 783 (5th Cir. 2008), *petition for cert. filed on* May 12, 2009.

5

wire fraud scheme, as is involved in the instant case.  *See*, *e.g.*, *U.S. v. Brown*, 553 F.3d 768, 783 (5th Cir. 2008), *petition for cert. filed on* May 12, 2009 ("The precedential value of *Santos* is unclear outside of the narrow factual setting of that case."); *see also U.S. v. Howard*, 2009 WL 205649, at * 10 (4th Cir. Jan. 29, 2009), *petitions for cert. filed on* Apr. 13, 2009 and Apr. 22, 2009 ("*Santos* does not establish a binding precedent that the term 'proceeds' means 'profits,' except regarding an illegal gambling charge..."); *Wilson v. Roy*, 2009 WL 1203401, at *5 (E.D. Tex. May 1, 2009) ("*Santos* decriminalized only money laundering convictions not based on profits from *illegal gambling*.") (emphasis in original); *U.S. v. Sims*, 2009 WL 1158847, at *3 (S.D. Tex. Apr. 29, 2009) (stating that "the limited holding in *Santos* does not apply in a case such as this, which is predicated in mail and wire fraud."); *Bhatia v. U.S.*, 2009 WL 690810, at * 16 (N.D. Ca. Mar. 10, 2009) ("This Court will not extend the narrow holding of *Santos* to invalidate the money laundering convictions here, which were based on the proceeds of mail fraud, not a gambling operation.").

Finally, even if Santos were retroactively applicable, and even if it could be interpreted to mean that Petitioner was convicted of a non-existent offense, Petitioner still could not meet the *Reyes-Requena* test, as he cannot establish that his claim was foreclosed by circuit law at the time of his trial, appeal or first section 2255 motion.  As noted by the court in *Wilson v. Roy*, 2009 WL 1203401, at * 6 (E.D. Tex. May 1, 2009) when recently addressing a very similar section 2241 petition, "the Fifth Circuit has not - before or after *Santos* - addressed the gross-versus-net-income debate over the correct definition of the term 'proceeds.'"  Thus, the court concluded, Petitioner was not foreclosed from raising this argument at trial, on appeal or in his first section 2255 motion and, therefore, he could not proceed with his section 2241 petition under the savings clause of

section 2255.[6] *Id.* The court reaches the same conclusion here.

Since Petitioner cannot meet the test for filing a section 2241 petition under the savings clause, the court must either construe the action as arising under § 2255 or dismiss it. *See Pack*, 218 F.3d at 452. The court lacks jurisdiction to construe the instant petition as a § 2255 petition, as the Ninth Circuit has not granted Petitioner authorization to file a successive § 2255 petition.[7] *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) (*per curiam*) (holding that "the district court lacked jurisdiction to construe [a § 2241] petition as a § 2255 motion because [petitioner] had not received prior authorization from [the court of appeals] to file a successive § 2255 motion."). In addition, a § 2255 motion must be filed in the court in which the habeas petitioner was convicted and sentenced - which in this case would be the District of Arizona. *Escamilla v. Warden USP Beaumont*, 31 Fed. Appx. 155, at * 1 (5th Cir. Dec. 12, 2001) (citing *Ojo v. INS,* 106 F.3d 680, 683 (5th Cir. 1997)); *see also U.S. v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992). Accordingly, this action should be dismissed for lack of jurisdiction.

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Micah Rudisill's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice for lack of jurisdiction.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after

---

[6] As in this case, the petitioner in *Wilson* was convicted of money laundering under 18 U.S.C. § 1956(a)(1). The predicate offenses were conspiracy to distribute cocaine and use of a telephone to facilitate drug trafficking. In his Petition, the petitioner argued that the prosecutor had proved only that he had conducted financial transactions with gross criminal receipts - as opposed to net criminal profits - and, therefore, pursuant to *Santos*, he was convicted of acts that were not crimes. *See Wilson*, 2009 WL 1203401, at * 2.

[7] The Ninth Circuit would be the "appropriate court of appeals" under 28 U.S.C. § 2255, as it encompasses the district court where Petitioner was convicted and sentenced (District of Arizona). *See*, *e.g.*, *White v. Nash*, 67 Fed. Appx. 631 (2d Cir. Apr. 8, 2003).

being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 29th day of May, 2009.

s/Michael T. Parker
United States Magistrate Judge